Baptist College of Florida v. Church Mutual Ins. Co.
Case No 24-11145-A

**IN THE UNITED STATES DISTRICT COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

THE BAPTIST COLLEGE OF FLORIDA, INC.,

*Plaintiff/Appellee,*

v.

CHURCH MUTUAL INSURANCE COMPANY, S.I.,

*Defendant/Appellant.*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

NO.: 5:22-CV-00158-MW-MJF

---

**APPELLEE'S RESPONSE TO THIS COURT'S JURISDICTIONAL QUESTION,
INCLUDING CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT**

---

| | |
|---|---|
| J. Nixon Daniel, III | Terrie L. Didier |
| Florida Bar No.: 228761 | Florida Bar No.: 0989975 |
| jnd@beggslane.com | tld@beggslane.com |

*Beggs & Lane, RLLP*
*501 Commendencia Street*
*Pensacola, FL 32502*
*Phone: (850) 432-2452*
*Fax: (850) 469-3331*

*Attorneys for Plaintiff-Appellee*

**APPELLEE'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT NOTICE**

The Baptist College of Florida, Inc., n/k/a Baptist University of Florida, Inc., pursuant to Federal Rule of Appellate Procedure 26.1, Eleventh Circuit Rule 26.1-1(a)(3), and this Court's Civil Docketing Notice [ECF No. 1-1] provides Appellee's Certificate of Interested Persons and Corporate Disclosure Statement Notice, and modifies/adds the following to Appellant's Certificate of Interested Persons filed April 24, 2024 [ECF No. 8]:

**CERTIFICATE OF INTERESTED PERSONS**

1. Beggs & Lane, RLLP, Counsel for Plaintiff-Appellee;

2. Church Mutual Holding Company, Inc.;

3. Church Mutual Insurance Company, S.I., Appellant;

4. Daniel J. Nixon, Esq., Counsel for Plaintiff-Appellee;

5. Didier, Terrie L., Esq., Counsel for Plaintiff-Appellee;

6. Florida Baptist Convention, Inc., Owner/Sponsor or Plaintiff-Appellee;

7. Frank, Michael J., United States Magistrate Judge, Northern District of Florida;

8. Garcia, Anna Maria, Circuit Court Judge, Jackson County, Florida;

9. Guilday Law, P.A., Counsel for Defendant-Appellant;

10. Hatch, George W., Esq., Counsel for Defendant-Appellant;

11. The Baptist College of Florida, Inc. n/k/a Baptist University of Florida, Inc., Plaintiff-Appellee;

12. Walker, Mark E., United States Chief Judge, Northern District of Florida; and,

13. Whitlock, Alexander S., Esq., Counsel for Defendant-Appellant.

## CORPORATE DISCLOSURE STATEMENT

Appellee, The Baptist College of Florida, Inc., n/k/a Baptist University of Florida, Inc., pursuant to Eleventh Circuit Rule 26.1-1, hereby makes the following corporate disclosure:

The Baptist College of Florida, Inc., n/k/a Baptist University of Florida, Inc., is a Florida Not For Profit Corporation owned/sponsored by the Florida Baptist Convention, Inc.

## RESPONSE

Appellee, The Baptist College of Florida, Inc., n/k/a Baptist University of Florida, Inc. ("Baptist College"), pursuant to this Court's May 7, 2024, letter requesting a response to a jurisdictional question posed by this Court, **AECF No. 15-1**[1], provides the following response.

This Court's May 7, 2024, letter presented the following:

---

[1] "AECF" refers to the Eleventh Circuit's filing numbers. "ECF" refers to the district court's filing numbers.

Baptist College of Florida v. Church Mutual Ins. Co.
Case No 24-11145-A

JURISDICTIONAL QUESTION

Please address whether the district court's certification of a final judgment under Federal Rule of Civil Procedure 54(b) was proper. *See Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777, 779 (11th Cir. 2007) (explaining that, to certify a case under Rule 54(b), a district court must make two determinations: (1) its final judgment is both final and a judgment in that it disposes of a separable claim or completely dismisses a party from the case; and (2) there is "no just reason for delay" in permitting the parties to immediately appeal); *id.* at 780 (explaining that a claim is separable if there is more than one possible recovery or if different remedies are sought); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997) (holding that Rule 54(b) certifications are reserved for unusual cases where: (1) an immediate appeal alleviates a particular danger of hardship or injustice associated with delay; and (2) the litigants' needs outweigh the costs and risks of multiplying the proceedings and overcrowding the appellate docket); *Peden v. Stephens*, 50 F.4th 972, 978 (11th Cir. 2022) (cautioning that the special circumstances that justify Rule 54(b) certification are rarely encountered and noting that a liberal construction of Rule 54(b) "would only exacerbate the difficulties associated with our burgeoning caseload by promoting multiple appeals in a single case").

## I. INTRODUCTION.

Baptist College is a small college in Florida that incurred significant damage to almost 100 buildings during Hurricane Michael's Category 5 winds on October 10, 2018. Baptist College fully and timely cooperated and complied with all Policy requirements. Due to Church Mutual's delay and failure to properly adjust the claim, however, three years after the loss Baptist College was forced to demand appraisal. "Appraisal clauses are preferred, as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits." *Fla. Ins.*

*Gular. Ass'n, Inc. v. Olympus Ass'n, Inc.*, 34 So. 3d 791 (Fla. 4th DCA 2010).

The appraisal process was properly completed pursuant to the Policy and Florida law. Because Church Mutual did not like the outcome, however, it paid only a portion of the Appraisal Award and forced Baptist College to seek the assistance of the trial court to enforce the appraisal award. Church Mutual sought to do exactly what appraisal is intended to avoid—litigate the scope of loss and amount of damage sustained by Baptist College.

In addition to the breach of contract claim against Church Mutual, which is the claim on appeal, the complaint also included two bad faith claims pursuant to section 624.155, Florida Statutes. **ECF NO. 26.** Under Florida law, breach of contract claims and bad faith claims are separate and distinguishable claims, with different damages. Bad faith claims are not ripe for adjudication until the underlying breach of contract claim is resolved.

The trial court rendered summary judgment in favor of Baptist College on the breach of contract claim and denied Church Mutual's motion for summary judgment also on the breach of

contract claim. **ECF No. 69.** After the attorneys' fee demand was decided in favor of Baptist College, **ECF No. 92 and No. 114**, the district court entered an Amended Partial Final Judgment fully resolving the breach of contract count that is the subject of this appeal. **ECF No. 120.**

## II. ARGUMENT.

### A. The touchstone for Rule 54(b) review.

This Court explained in *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, "when the plaintiff presents more than one legal theory but will be permitted to recover on only one of them[,] … there is only a single inseparable claim for relief." 483 F. 3d 773, 780 (11th Cir. 2007) (quoting *In re Se. Banking Corp.*, 69 F. 3d 1539, 1547 (11th Cir. 1995) (finding the certification was improper because the two bases for liability were merely "alternative theories, drawn from the law of the same sovereign by which the same set of facts might give rise to a single liability")). The three counts involved in the instant complaint are not alternative theories based on the same set of facts.

> [T]he touchstone for determining whether an entire "claim" has been adjudicated for the purposes of

> Rule 54(b) is whether that claim is "separately enforceable" without "mutually exclu[ding]" or "substantially overlap[ping]" with remedies being sought by the remaining claims pending in the district court. *In re Se. Banking Corp.*, 69 F. 3d at 1547.

*Lloyd Noland Foundation*, 483 F. 3d at 780.

Generally, a district court should provide supporting factual and legal determinations for its Rule 54(b) certification. *Ebrahimi v. City of Huntsville Bd. of Edu.*, 114 F. 3d 162, 166 (11th Cir. 1997). However, "[i]f the reasons for the entry of the judgment are obvious and remand to the district court would result only in unnecessary delay in the appeal process, [the Eleventh Circuit] will not require an explanation." *Id.*

In *Ebrahimi*, this Court found that the district court's certification along with a recitation that there was "no just reason for delaying entry of final judgment" was not entitled to deference and this Court performed its own assessment. *Id.* at 167. Here the district court concluded, "This partial judgment is certified as final pursuant to Rule 54(b) as balancing the relevant judicial administrative interests and equitable concerns reveals that no just reason for delay exists." ECF No. 120. This conclusion, as in

*Ebrahimi,* appears to require this Court's independent assessment. Even so in this case, unlike in *Ebrahimi,* the record supports this Court's review pursuant to Rule 54(b).

This Court stated in *Ebrahimi* that the complaint was "a prototypical 'shotgun complaint'" that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims", 114 F. 3d at 163, that were all based on "the same operative facts [] as the basis for each legal theory advanced by Ebrahimi", *id.* at 167.

This case does not involve a 'shotgun complaint.' There are three clearly stated, individual counts, one for breach of contract, and two for bad faith. As discussed below, the same operative facts do not serve as the basis for the breach of contract claim and the bad faith claims. Here, the partial judgment appealed resolved entirely the breach of contract claim with its related damages. The bad faith claims were stayed at the beginning of the litigation pending resolution of the breach of contract claim. **ECF No. 17.** As discussed below, in Florida, a bad faith claim filed pursuant to

section 624.155, Florida Statutes, is not ripe for adjudication until the underlying breach of contract claim is resolved.

### B. This appeal satisfies the two-step analysis for Rule 54(b) review.

The district court, or this Court, must follow a two-step analysis in determining whether a partial final judgment may properly be certified under Rule 54(b). *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F. 3d at 777. "First, the court must determine that [the] final judgment is, in fact, both 'final' and a 'judgment.'" *Id.* Second, having found that the decision was a final judgment, the court must then determine that there is no 'just reason for delay' in certifying it as final and immediately appealable." *Id.*

### 1. The partial judgment here is both final and a judgment.

> [T]he court's decision must be "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action,'" and a "'judgment' in the sense that it is a decision upon a cognizable claim for relief."

*Lloyd Noland Found., Inc.*, 483 F. 3d at 777 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 100 S. Ct. 1460, 1464, 64 L. Ed. 2d 1 (1980)).

This Court has interpreted the first prong of Rule 54(b) to require that a judgment "disposes entirely of a separable claim or dismisses a party entirely" to be considered "final." *Lloyd Noland Found., Inc.*, 483 F. 3d at 779 (quoting *In re Se. Banking Corp.*, 69 F. 3d 1539, 1547 (11th Cir. 1995)). In this case, the district court adjudicated the entire substantive breach of contract claim finding in favor of Baptist College and against Church Mutual. What remains below are two independent bad faith claims.

In Florida, a statutory bad faith claim does not exist until the underlying first party breach of contract claim has been resolved in favor of the insured. *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 945 So. 2d 1216, 1235 (Fla. 2006) ("[A]s we approved in *Blanchard*, a 'claim arising from bad faith is grounded upon the legal duty to act in good faith, and is thus separate and independent of the claim arising from the contractual obligation to perform.'" (citing *Blanchard v. State Farm Mutual Auto. Ins. Co.*, 575

So. 2d 1289, 1291 (Fla. 1991)); *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000) ("We continue to hold in accord with *Blanchard* that bringing a cause of action in court for violation of section 624.155(1)(b) is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract.").

The Fourth District Court of Appeal has enumerated three elements that are required before a bad faith claim under section 624.155 is ripe:

> [A] statutory bad faith claim under section 624.155 is ripe for litigation when there has been (1) a determination of the insurer's liability for coverage; (2) a determination of the extent of the insured's [contract] damages; and (3) the required notice is filed pursuant to section 624.155(3)(a).

*Lugassy v. United Prop. & Cas. Ins. Co.*, 351 So. 3d 23, 25 (Fla. 4th DCA 2022) (Quoting *Zaleski v. State Farm Fla. Ins. Co.*, 315 So. 3d 7, 10-11 (Fla. 4th DCA 2021) and *Demase v. State Farm Fla. Ins. Co.*, 239 So. 3d 218, 221 (Fla. 5th DCA 2018)). *See also Fortune v. First Protective Ins. Co.*, 302 So. 3d 485, 489 (Fla. 2d DCA 2020) (same); *Love v. Prop. & Cas. Ins. Co. of Hartford*, 2010 WL 2836172 *7 (M.D. Fla. July 16, 2010) (recognizing that under Florida law, a

bad faith claim does not even accrue before the conclusion of the underlying litigation for contractual damages) (citing cases).

Further, although all counts involve money damages, the money damages recoverable in the contract count and the bad faith counts are different. They are not mutually exclusive, and they do not overlap. *See, e.g., Dadeland Depot.*, 945 So. 2d at 1222 ("section 624.155 expressly provides for the award of *extra-contractual* damages" (emphasis in original)).

*Dadeland* involved section 624.155, Fla. Stat., as in this case, and certification of five questions of law posed by this Court to the Florida Supreme Court. When responding to this Court's certification and a dissent in the Florida court's opinion, the supreme court majority explained with respect to bad faith damages:

> If the damages established by Dadeland at trial are merely duplicative of those submitted to and awarded by the arbitration panel, we would agree that Dadeland would not be entitled to recover those identical damages in a bad faith action. However, the damages at issue in this action are those resulting from a statutory violation and bad faith under the bond, which could not have been presented prior to resolution of the underlying construction contract dispute.

945 So. 2d at 1223-4.

The judgment here is both final and a judgment. The first step in the analysis is satisfied.

## 2. There Is No Just Reason for Delay.

> As a prerequisite to Rule 54(b) certification, the district court must evaluate whether there is any just reason to delay the appeal of individual final judgments. The question requires the district court to balance judicial administrative interests and relevant equitable concerns. Consideration of the former factor is necessary to ensure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." The latter factor serves to limit Rule 54(b) certification to instances to which immediate appeal would alleviate some danger of hardship or injustice associated with delay.

*Ebrahimi v. City of Huntsville Bd. of Educ.* 114 F. 3d at 165-66 (internal citations omitted).

This Court is to "balance judicial administrative interests and relevant equitable concerns." *Ebrahimi*, 1144 F. 3d at 166. With respect to administrative interests, if this Court affirms the partial final judgment and later the bad faith claims are appealed, this Court would not be reconsidering the same operative facts. As the Florida Supreme Court has explained, a "claim arising from bad faith is grounded upon the legal duty to act in good faith[] and is

thus separate and independent of the claim arising from the contractual obligation to perform." *Blanchard v. State Farm Mutual Auto. Ins. Co.*, 575 So. 2d at 1291; *accord Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 945 So. 2d 1216 at 1235.

The Middle District of Florida has recognized in a case involving section 624.155, Florida Statues, and a removal question:

> Contrary to Plaintiffs' contention, in resolving Plaintiff's statutory bad faith claim, this Court will not have to revisit any issues decided by the state court. In sum, the only issue to be determined in the bad faith claim is whether Defendant's claim handling was in bad faith and in turn, whether Defendant is liable to pay the excess amount of the judgment. The underlying tortfeasor's liability and resulting damages awarded in the final judgment, while condition precedents to the statutory bad faith claim, are issues independent of a determination of whether State Farm acted in bad faith.

*Lahey v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2029334 *10 (M.D. Fla. July 11, 2007).

The relief sought in the matter appealed in *Ebrahimi* was "intertwined with and inseparable from the relief sought" in the claims that remained pending below because the claims not appealed, "if successful, w[ould] foreclose at least some, if not all, of the relief sought under" the claims pending before this Court. *Id.*

As discussed above, the bad faith claims that remain pending below in this case are based on different facts and involve different damages from the contract claim. In this case, if Church Mutual's appeal *is not* successful, this Court's opinion will allow the bad faith claims remaining below to move forward. If Church Mutual's appeal *is* successful, it will prohibit the bad faith claims below from moving forward because the elements of ripeness will be shattered.

Finally, this Court is to "consider whether equitable considerations justify the district court's decision to grant Rule 54(b) certification." *Ebrahimi*, 114 F. 3d at 168. Even though Baptist College prevailed on the breach of contract count in the district court, it cannot pursue payment because Church Mutual has obtained a stay of the judgment pending appeal. Church Mutual has challenged everything it can possibly challenge in this Hurricane Michael claim. If the matter is returned to the district court, Church Mutual will continue to unjustifiably challenge everything it can and seek a stay of execution of the partial judgment on the independent contract claim pending resolution of

Baptist College of Florida v. Church Mutual Ins. Co.
Case No 24-11145-A

the bad faith claims and any subsequent appeal. *See* Fed. R. Civ. P. 69(a)(1) and Fla. R. Civ. P. 1.550(b).

Baptist College has been waiting more than five years, because of Church Mutual's delay tactics, for the funds needed to repair its campuses that were significantly damaged by Hurricane Michael in 2018. Returning this matter to the district court without resolving the breach of contract appeal would reward Church Mutual and fuel its efforts to delay; and it would create an undue hardship for Baptist College. Baptist College would either be forced to forego collection on the breach of contract count even longer just to litigate the bad faith claims that could not be litigated until the underlying breach of contract claim was resolved or it would be forced to settle for much less than it is entitled to receive just to stop the continued delay in receiving the breach of contract damages. Further, resolving the breach of contract claim now would streamline the remaining bad faith litigation and limit the scope of discovery.

The second step in the analysis is satisfied.

### III. CONCLUSION.

Baptist College could not move forward on the bad faith claims until the underlying breach of contract claim was finally resolved. It cannot move forward on collecting the judgment because a bond has been posted and a stay is in place. If this appeal is dismissed for lack of jurisdiction, Baptist College will be delayed collecting on the partial judgment entered in the breach of contract claim because Church Mutual will seek a stay of that judgment in the district court pending resolution of the bad faith claims and any subsequent appeal.

If the appeal of the separate and distinguishable breach of contract claim is delayed, it will serve only to reward Church Mutual's undue attempts to delay paying the appraisal award and to punish Baptist College for not moving forward on bad faith claims involving extracontractual damages that *could not be* pursued until the underlying separate and independent breach of contract claim was resolved. This is exactly the type of case for which Rule 54(b) was intended.

Baptist College respectfully requests that this Court find that the requirements of Rule 54(b) have been satisfied and that this appeal should move forward.

/s/ *Terrie L. Didier*
**J. NIXON DANIEL, III**
Florida Bar No.: 228761
Email: jnd@beggslane.com
      ch@beggslane.com
**TERRIE L. DIDIER**
Florida Bar No.: 0989975
Email: tld@beggslane.com
      aeh@beggslane.com
      jkm@beggslane.com
**BEGGS & LANE, RLLP**
501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-2451
Facsimile: (850) 469-3331

*Attorneys for Plaintiff/Appellee*

Baptist College of Florida v. Church Mutual Ins. Co.
Case No 24-11145-A

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this Response complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because this Response contains 2,724 words, excluding the parts of the Response exempted by Fed. R. App.P. 32(f), and the typeface requirements of Fed. R. App. P. 27(d)(1) and Fed.R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6).

*/s/ Terrie L. Didier*
**TERRIE L. DIDIER**
Florida Bar No.: 0989975

Baptist College of Florida v. Church Mutual Ins. Co.
Case No 24-11145-A

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the following via the CM/ECF system this 21st day of May, 2024:

George W. Hatch, III, Esq.
george@guildaylaw.com
Alexander S. Whitlock, Esq.
alex@guildaylaw.com
Guilday Law, P.A.
1983 Centre Pointe Blvd., Suite 200
Tallahassee, FL  32308
Secondary:  tessa@guildaylaw.com
sofia@guildaylaw.com
dana@guildaylaw.com

*Attorneys for Defendant/Appellant*


                                         */s/ Terrie L. Didier*
                                         **TERRIE L. DIDIER**
                                         Florida Bar No.: 0989975